# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—AUGUST TERM, 1886.

### JOHN M. CROWELL

v.

### MACE DEEN AND JULIA A. DEEN.

*Judgment for Costs—Minute of Court—Unauthorized Change by Clerk with Entry against Opposite Party—Bill to Amend, set aside Execution and Sale, and Cancel Certificate of Purchase, Sustained—Evidence.*

Upon a bill to have the record of a judgment for costs amended, to set aside the execution issued thereon and a sale of real estate thereunder, and to cancel the certificate of purchase issued to the defendant, the purchaser, it is *held:* That the judgment complained of was never in fact pronounced by the court, the clerk having had the judgment entered against the defendants upon his understanding that the minute, "continued at costs of plaintiff," entered upon the docket by the court, was a mistake; that the clerk was without authority to substitute his recollection for the written memorandum of the court, and that the order of the court, if wrong, worked no injury to the plaintiff in the original suit, the final judgment having been against him.

[Opinion filed November 24, 1886.]

APPEAL from the Circuit Court of Johnson County; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. J. F. McCARTNEY, for appellant.

The law nowhere requires the Judge to keep minutes. The law requires the clerk to be present to perform his duties as clerk in time of court. Governor v. Dodd, 81 Ill. 162.

Officers are presumed to do their duty. The Judge is presumed to pronounce the correct judgment of the law. The clerk is presumed to correctly enter that judgment in the record. There being no obligation of the Judge to make a minute of the pronounced judgment, such presumption does not go to the minute that it is correct.

The record in this case, showing a valid judgment against appellee which became a lien after execution, went into the officer's hands, we are not called on to defend, but the party who denies its validity takes the burden on himself.

Messrs. MULKEY & LEEK, for appellees.

It is well settled that a court will not hesitate to amend a record by the minute of the Judge of the court. When the minutes entered in the Judge's docket, in a given case, are shown to be in the handwriting of the Judge, they are conclusive evidence of the order made in the cause, and can not be contradicted or explained by parol evidence. Coughran v. Gutcheus, 18 Ill. 390; Forquer v. Forquer, 19 Ill. 68; McCormick v. Wheeler, 36 Ill. 114; Seely v. Pelton, 63 Ill. 101; Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Church v. English, 81 Ill. 442; Gillett v. Booth, 95 Ill. 183.

It is a well settled principle of law that that which rests in writing can not be proved by parol evidence. Chambers v. The People, 4 Scam. 351; Williams v. Jarret, 1 Gilm. 120; R., R. I. & St. L. R. R. Co. v. Lynch, 67 Ill. 149; Fagan v. Rosier, 68 Ill. 84; Walker v. Douglas, 70 Ill. 445.

It is equally well settled that that which rests in writing can not be contradicted by parol evidence. Zimmerman v. Zimmerman, 15 Ill. 84; Garfield v. Douglass, 22 Ill. 100; Hutton v. Arnett, 51 Ill. 198; Gibbons v. Bressler, 61 Ill. 110; Taft v. Schwamb, 80 Ill. 289.

The case of Gillett v. Booth, 95 Ill. 183, is decisive of the case at bar.

PILLSBURY, J. This was a bill in equity filed by the appellees against the appellant, praying to have the record of a judgment for costs amended and to set aside the execution issued thereon, and to set aside a sale of

real estate made thereunder and cancel the certificate of
purchase issued to appellant, who was the purchaser at
the sale. Many of the facts out of which the present
controversy arises may be said to be admitted, or not dis-
puted, and briefly stated are, that on the 31st day of Jan-
uary, 1878, the appellant commenced an action of replevin
against appellees before a Justice of the Peace to recover the
possession of a horse, and being successful before the Justice
the case was removed into the Circuit Court upon the appeal
of the defendants. At the November term of the Circuit
Court the parties were present with witnesses ready to try
said cause, but the day before it was reached for trial the de-
fendants made an application to have the cause continued on
the ground that two members of their family had suddenly
died, and being conceded to be sufficient it was understood if
the cause should be reached before court adjourned it should
go over the term. On the day following the case was reached
in its regular order for trial, and the court entered upon his
docket the minute of continuance as follows : "Continued at
costs of plaintiff," and at same time ordered that defendants
file a new appeal bond in the sum of $80 by the first day of
April, 1879. After the adjournment of that term of court
and while the clerk of the court was writing up the
record he noticed the entry by the court upon its docket
that the case was continued at plaintiff's costs, and understand-
ing that it should have been at the defendants' costs he
drew pencil marks across the word plaintiff in the order and
wrote upon the margin of the Judge's docket the following:
"Judgment against Appellant at November Term, 1878, 13,
December 1878," and the judgment for costs was written
up in accordance with this memorandum of the clerk. At
the November term, 1879, of the Circuit Court a trial was
had upon the merits in the replevin suit, and final judgment
was rendered therein in favor of the defendants, the present
appellees, for a return of the property replevied and for costs.
On January 25, 1881, an execution was issued against the
appellees upon the judgment for costs, entered of record by
the clerk as above stated and levied upon two town lots
claimed by the appellees as their homestead. A sale was

made and the appellant became the purchaser. The questions of fact disputed are whether the court announced at the time the motion was made for a continuance, that if it had to go over the term it must be at costs of the defendants, and whether the property levied upon was the homestead of appellant. The court decreed as prayed, and the defendant below appealed. After a careful examination of the evidence contained in this record we have come to the conclusion that it sustains the finding of the court below, that the judgment entered of record by the clerk was never in fact pronounced by the court in the replevin suit. If the oral testimony is to be considered as competent to show what the judgment was as to payment of costs it is sufficient to justify the decree. The Judge who entered the order for the continuance testifies that he intended to continue generally, and he is very strongly corroborated by other witnesses who swear that he so announced at the time. Excluding the oral testimony of this character and the same result must follow from the undisputed facts. It is conceded that the clerk kept no minutes of the orders of the court, and that after the adjournment of the court for the term he changed the Judge's minutes, and then made such alteration the basis of his action in entering the judgment order. We are not advised of any rule of law or practice that would authorize such action of the clerk. The only written evidence of the action of the court remaining in his office was this memorandum made by the Judge upon his docket, and it would be an exceedingly dangerous practice to permit the clerk in vacation to substitute his recollection of the action of the court in any given case for such written evidence, even though in so doing he may honestly believe that he is correcting an error or mistake of the court. As he kept no minutes of the action of the court he should not have entered an order contrary to the court's minutes until ordered to do so by the court in some proceeding instituted for the purpose of correcting such minutes. If he had kept such minutes and the order entered by him had conformed thereto, a different question would be presented, one however not now requiring further notice. If we take an equitable view of the case it will appear that in correcting the judgment no injury was

done the appellant. He, as shown by the final judgment in the replevin suit, had brought an unfounded action against the appellees here, and the costs were adjudged against him; and if a trial had taken place at the term the cause was continued a like result would have followed. And if the judgment should be corrected to conform to the intention of the court to continue generally (as the court has found the fact to be) the appellant would be in no better condition, as in such case all the costs would finally have been taxed to him, resulting the same as the order that was actually entered, as evidenced by the Judge's minutes. The evidence being sufficient to sustain the decretal order in setting aside the execution sale and certificate, upon the grounds above stated we affirm it, without inquiring whether the other disputed fact, that the lots were the homestead of the appellant, has been proven.

*Decree affirmed.*